IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER GRIGG, | CV 24-113-M-KLD |
| Plaintiff, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION |
| BOWEN GREENWOOD, | |
| Defendant. | |

On August 12, 2024, pro se Plaintiff Peter Grigg lodged a complaint against Defendant Bowen Greenwood, the Clerk of the Montana Supreme Court. (Doc. 1). On August 15, 2024, Plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. 3).

I.      **Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On August 15, 2024, Grigg completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 3). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.    Screening Requirement

Because Grigg is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any

doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## III.    Analysis

Grigg brings this action under 42 U.S.C. § 1983 alleging constitutional violations against Greenwood in his individual capacity. (Doc. 1, at 4). Grigg alleges that Greenwood "is violating right of due process, right to a fair trial, right to appeal, etc.," and that Greenwood "denied any & all motions, petitions, writs, mandami, objections, pleadings <u>yet</u> allows a yankee vexatious litigant same rights — Brick vs Ducherme." (Doc. 2, at 4). Grigg claims "loss of all goods, chattels, possessions & finances, defamation & perjury, lying under oath, false swearing by public officials" and "unfair hearings in the state of Montana." (Doc. 1 at 5). Grigg

3

has also filed a Complaint and Request for Injunction against Greenwood, alleging essentially the same misconduct. (Doc. 1-1 at 5).

It is well established that a judge is absolutely immune from suit for judicial actions undertaken in the course of his official duties in connection with a case, unless the judge acts outside of his judicial capacity or in the complete absence of jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not overcome "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that the doctrine of judicial immunity exists to benefit the public because "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption").

A similar immunity extends to other court personnel when performing tasks that are related to the judicial process. *See Mullis v. U.S. Bankruptcy Court for District of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity when they perform tasks that are an integral part of the judicial process unless they act in the clear absence of all jurisdiction). Taking Griggs allegations as true, Greenwood was at all times performing tasks that were part of the judicial process and acting in his

4

capacity as the Clerk of Court for the Montana Supreme Court. He is therefore entitled to quasi-judicial immunity.

The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts and amendment would be futile. Therefore, the Court recommends Grigg's Complaint be dismissed with prejudice.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Grigg's motion to proceed in forma pauperis (Doc. 3) is GRANTED and his filing fee is waived. The Complaint is deemed filed on August 12, 2024.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.    Grigg's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.    The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Grigg may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Grigg must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 20th day of February, 2025.

Kathleen L. DeSoto
United States Magistrate Judge

6